UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 12-33-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KY ARMY NATIONAL GUARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is one in a series of suits filed by Plaintiff Michael Dean Vaughan concerning actions taken against him while a member of the Kentucky Army National Guard. This case was filed on March 5, 2012, in the United States District Court for the District of Columbia. [Record No. 1] The Kentucky Army National Guard and the United States Department of the Army are named as defendants. Vaughan's First Amended Complaint includes two counts for relief alleging violations of certain provisions of the Privacy Act. Because the defendants' use of records in litigation is permissible under the Privacy Act, Vaughan's claims will be dismissed.

I.

It is necessary to summarize Vaughan's other civil actions to put this matter in proper context.

    **A.**    *Michael Dean Vaughan v. Mary Elizabeth Brigham, et al.*, U.S. Dist. Ct., E.D. Ky., Central Div. at Frankfort, Civil Action No. 3: 10-005-DCR (filed February 16, 2010)

In this original action, Vaughan contended that Brigham had improperly contacted individuals with the Kentucky National Guard to accuse him of: (i) posting pornographic materials purporting to be Brigham on the internet; (ii) contacted "peers" within Brigham's workplace to harass her; and (iii) creating an online "persona" to harass Brigham. Based on these factual allegations, Vaughan asserted claims of defamation, false light and intentional infliction of emotional distress. Following a hearing on several motions held on September 10, 2010, the Court denied various items of relief requested by Vaughan. The matter was then held in abeyance for six months to allow the Federal Bureau of Investigation to determine whether Vaughan had committed criminal acts related to the litigation. [Civil Action No. 3: 10-005-DCR; Record No. 45]

More motions followed, with an evidentiary hearing held on June 28, 2011. By Memorandum Opinion and Order filed on July 5, 2011, the Court dismissed the action because Vaughan had acted in bad faith and committed perjury. In relevant part, the Court noted:

> Vaughan was warned that perjury would have serious consequences. The Court verbally warned Vaughan before he provided any testimony in this case that false testimony would carry "serious penalties." Further, the Court provided Vaughan written notice, before the second hearing, that if he were found to have committed perjury, he would be subject to sanctions. Vaughan, therefore, was adequately warned that his continued reliance on his false statements and representations would have consequences.
>
> Finally, considering Vaughan's conduct throughout this proceeding, the Court is convinced that no other sanction would appropriately deter the kind of conduct Vaughan has exhibited in this case. *See Eppes v. H.E. Snowden*, 656 F. Supp. 1267 (E.D. Ky. 1986) ("The remedy must serve as a deterrent to the defendant and all other that might be similarly tempted to [provide false testimony] . . . [and] must be sufficient to serve universal notice that this conduct will not be tolerated."). The Court has considered other sanctions, but finds that nothing short of dismissal would sufficiently make clear to Vaughan that his conduct will

not be tolerated. [*See* June 28, 2011 Tr. ("I find that this defendant has presented false and perjured testimony to me, he doesn't seem to understand the significance of that, he doesn't seem to understand that he's lost on several motions that he's filed, that he keeps coming back with the same arguments that are unsuccessful. In short, I don't know that there's any other sanction that would be appropriate other than dismissal of this case.")] Perjury will not be tolerated. And using the federal court as a means for retaliation, harassment, and the fulfillment of personal vendettas will likewise not be tolerated. Vaughan has acted in bad faith and he has abused the litigation process. Under the circumstances, the only appropriate remedy is outright dismissal of his action.

(footnotes and internal citations omitted) [*Id.*; Record No. 76]

This dismissal was affirmed by the United States Court of Appeals for the Sixth Circuit on May 9, 2012. [*Id.*; Record No. 87]

**B.** ***Michael Dean Vaughan v. Rodney Hayes, et al.,*** **U.S. Dist. Ct., E.D. Ky., Central Div. at Frankfort, Civil Action No. 3: 10-054-DCR (filed August 16, 2010)**

Further angered by actions occurring in Civil Action No. 3: 10-005-DCR, on August 6, 2010, Vaughan sued Rodney Hayes, an officer with the Kentucky National Guard. In his official capacity as the Chief Information Officer for the Kentucky National Guard, Hayes[1] was involved in investigating Brigham's claims against Vaughan. Hayes also held the position as military staff officer in charge of communications and computers in a joint command involving both army and air force elements. Thus, he was responsible for all aspects of the Kentucky National Guard's computer systems. Hayes duties included exercising supervisory personnel management responsibilities. This required Hayes to initiate action to correct performance or conduct

---

[1] On October 18, 2012, the Court sustained the Attorney General's motion to substitute the United States as a party defendant in place of Hayes in accordance with 28 U.S.C. § 2679. [Civil Action No. 3: 10-054-DCR; Record No. 45]

problems of employees directly supervised and reviews and/or approval of serious disciplinary actions involving non-supervisory subordinates such as Vaughan.

According to Vaughan, Hayes stated at a meeting on August 18, 2009 in which others were present, that he had conducted an investigation of Brigham's assertions and determined that they were correct. Vaughan contends that he was not allowed to rebut Brigham's allegedly defamatory statements. Vaughan sought both injunctive and monetary relief based upon claims of: defamation, slander and libel (Count One); invasion of privacy (Count Two); false light (Count Three); and intentional infliction of emotional distress (Count Four). [*Id.*; Record No. 3][2]

This action was dismissed in accordance with the Memorandum Opinion and Order entered on December 5, 2012. [*Id.*; Record No. 53] The Court dismissed the claims asserted in this action due to Vaughan's failure to exhaust his administrative remedies under the Federal Tort Claims Act and based upon the government's assertion of sovereign immunity. The Court did not reach the United States' argument that the claims should also be dismissed under the *Feres* doctrine of intra-military immunity.

Again, Vaughan appealed the Court's dismissal of his action. This appeal was dismissed on February 14, 2013 for failure to prosecute.

**C.** ***Michael Dean Vaughan v. Ky. National Guard Bureau, et al.*, U.S. Dist. Ct., E.D. Ky., Central Div. at Frankfort, Civil Action No. 3: 12-034-DCR (filed March 26, 2012)**

---

[2] Vaughan filed an Amended Complaint in this civil action on March 13, 2012. [*Id.*; Record No. 16]

Vaughan filed a third action in the United States District Court for the District of Columbia, alleging violations of the Privacy Act and the Freedom of Information Act. Additionally, Vaughan sought a declaratory judgment. In relevant part, Vaughan claimed that, in moving to quash subpoenas issued in Civil Action No. 3: 10-005-DCR, Defendants National Guard Bureau and the Kentucky Army National Guard violated the above-referenced acts by failing to comply with statutory deadlines (Count One), and by denying him access to certain records relating to the investigation of his conduct (Count Two). After receiving copies of the documents in issue in the litigation, Vaughan moved to dismiss the action with prejudice. [Civil Action No. 3: 12-34-DCR; Record No. 16] That motion was granted on August 24, 2012. [*Id.*; Record No. 17]

### D.  *Michael Dean Vaughan v. Ky. Army National Guard, et al.,* U.S. Dist. Ct., E.D. Ky., Central Div. at Frankfort, Civil Action No. 3: 12-035-DCR (filed May 2, 2012)

On March 5, 2012, Vaughan filed a separate action in the United States District Court for the District of Columbia alleging violations of 42 U.S.C. § 1983 by the Kentucky Army National Guard and the United States Department of the Army. [Civil Action No. 3: 12-035-DCR; Record No. 35] The matter was transferred to this district on May 29, 2012. [*Id.*; Record No. 6] Through this action, Vaughan asserted claims of equitable estoppel and laches (Count One); violations of the Fifth and Fourteenth Amendments to the United States Constitution (Count Two); and violations of the Administrative Procedure Act (Count Three). Vaughan's claims were based on allegations that the defendants improperly: (i) produced the report of its investigation of him in violation of Army regulations; (ii) issued a letter of reprimand to

Vaughan; (iii) issued a "relief-for-cause" Officer Evaluation Report; (iv) suspended Vaughan's military clearance; and (v) held a Withdrawal of Federal Recognition Hearing.

On January 18, 2013, the Court granted the defendant's motion to dismiss the action. As outlined in the Court's Memorandum Opinion and Order, the Court determined that Vaughan failed to exhaust his administrative remedies regarding three issues raised in his pleadings (*i.e.*, the AR15-6 report, the Letter of Reprimand, and the Officer Evaluation Report). [*Id.*; Record No. 37] Additionally, the Court concluded that the AR 15-6 Report did not constitute final agency action subject to review under the Administrative Procedures Act. Likewise, the Letter of Reprimand was temporary in nature and did not constitute final administrative action. And while the Officer Evaluation Report constituted final agency action, it fell within the purview of military immunity not subject to review. Further, Vaughan's challenge regarding the suspension of his security clearance and the withdrawal of federal recognition hearing did not constitute final agency action and, therefore, was not ripe for review. Vaughan did not appeal following entry of judgment in this case.

### E.     Vaughan's Remaining Civil Action

On March 5, 2012, Vaughan filed this action with the United States District Court for the District of Columbia. Like his two other out-of-district cases, this matter was transferred to this district and assigned to the undersigned on May 29, 2012. [Civil Action No. 3: 12-033-DCR; Record No. 7] Initially, Vaughan asserted claims against John HcHugh of the United States Department of the Army and Kentucky Army National Guard Major General Edward W. Tonini. [*Id.*; Record No. 1] However, on March 14, 2012, Vaughan filed an Amended Complaint that

substituted the United States Department of the Army and the Kentucky Army National Guard as defendants. In this action, Vaughan contended that the defendants violated his rights under the Privacy Act by disseminating records relating to the Bingham investigation without providing him an opportunity to rebut the statements he asserts were false and malicious.

On February 26, 2013, the defendants moved the Court to dismiss the claims asserted in this action. As outlined more fully below, the defendants' motion is based on the assertion that, under the facts presented, the defendants' actions do not constitute violations of the Privacy Act. Vaughan has not filed a response to the motion to dismiss.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

**III.**

The defendants contend that they have not violated the Privacy Act because the records in issue were properly turned over to the Justice Department and that department may file such records in court proceedings where the records in issue are relevant to the matters being litigated. And, they assert, that is exactly what happened here. Because Vaughan filed an action in which he sought to put in the public record assertions that Brigham had told the Kentucky National Guard: (i) he harassed her; (ii) Brigham had threatened disclosure of pornographic material; and (iii) Brigham had released the subject material, it was necessary to provide relevant documents to the Court. The defendants are correct in their arguments. Therefore, their motion will be granted.

The parts of the Privacy Act which are relevant to this action provide:

(a) **Definitions.**–For purposes of this section– . . .

    (4) the term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identity number, symbol, or other identifying particular assigned to the individual; . . .

(b) **Conditions of disclosure.**–No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be– . . .

    (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section; . . .

    (11) pursuant to the order of a court of competent jurisdiction; . . .

5 U.S.C. § 552a.

The defendants concede that the documents that are the subject of this action constitute "records" covered by the Privacy Act. However, applicable regulations establish that the subject records may be disclosed for use in litigation and that such disclosure constitutes "routine use" which is not prohibited. As noted in the defendants' motion, Appendix C to Part 310 of Title 32 of the Code of Federal Regulations lists routine uses of documents maintained by the Department of Defense and subject to the Privacy Act. Paragraph I of Appendix C states:

> ROUTINE USE – DISCLOSURE TO THE DEPARTMENT OF JUSTICE FOR LITIGATION   A record from a system of records maintained by a Component [of the Department of Defense] may be disclosed as a routine use to any component of the Department of Justice for the purpose of representing the Department of Defense, or any officer, employee or member of the Department in pending or potential litigation to which the record is pertinent.

*See* 32 CFR Part 310 Appendix C Paragraph I.

As properly summarized in the defendants' motion, Vaughan's original action filed with this Court sought to put in the public record allegations that Bingham incorrectly provided information to the Kentucky Army National Guard and its officers. It was Vaughan who attempted to demonstrate that the Kentucky Army National Guard had given credence to those allegations and, as a result, it took improper actions against him. Under those circumstances, Vaughan may not contend that the defendants violated the Privacy Act by placing documents relevant to his claims in the hands of the Court for review. Instead, the use of those documents in related proceedings is not a harm that the Privacy Act was designed to protect. The records in issue were properly disclosed for routine use by the Department of Justice in defending this action.

**IV.**

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that the Defendants' motion to dismiss [Record No. 37] is **GRANTED**. The claims asserted in this action are **DISMISSED**, with prejudice. A separate Judgment will be entered this date.

This 1st day of May, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge